UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LAWRENCE L. SKORUPSKI,

          Plaintiff,

v.                                       Case No. 5:07-cv-447-Oc-10GRJ

DALE C. ROSSMAN, INC., KENNETH D.
BROWN, President, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS UNION (I.B.E.W.), EDWIN D.
HILL, International President, I.B.E.W. LOCAL
#1205, MATT MEADOWS, Business Agent,
I.B.E.W. Local #1205, I.B.E.W., LOCAL #32,
JERRY DICKREIDE, Business Agent, I.B.E.W.
Local #32, TAMARA J. LAROSE, a/k/a Tamara
J. Youngquist,

          Defendants.
_____

**REPORT AND RECOMMENDATION**[1]

Pending before the Court are: (1) Defendant International Brotherhood of Electrical Workers Local Union No. 32 And Jerry Dickreide's Motion To Dismiss (Doc. 12); (2) Defendant Edwin D. Hill's Motion to Dismiss For Lack of Personal Jurisdiction (Doc. 26); and (3) Defendant Dale C. Rossman, Inc. & Defendant Kenneth D. Brown's Motion To Dismiss The Complaint, Or Alternatively, Quash Service Of Process, And Supporting Memorandum Of Law. (Doc. 30.) Plaintiff has filed responses in

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

opposition.[2]  For the reasons discussed below, Defendants motions are due to be **GRANTED.**

## I. BACKGROUND

Plaintiff is an Ohio citizen,[3] who is currently incarcerated in a state prison in Ohio. Plaintiff asserts that jurisdiction for his Complaint, filed on November 7, 2007,[4] is based upon diversity of citizenship.[5]

The following relevant details are disclosed by Plaintiff's Complaint and the information filed by Defendants in their respective motions to dismiss. Plaintiff, a traveling journeyman electrician, was a member of the International Brotherhood of Electrical Workers Local No. 32 ("IBEW #32") which is registered to do business in the State of Ohio.[6]  Jerry Dickreide ("Dickreide"), Local #32's business agent, is a citizen of the State of Ohio.[7]  IBEW #32 is affiliated with the International Brotherhood of Electrical Workers ("IBEW"), an international labor organization with over 900 local unions in the

---

[2]  Docs. 37, 38 and 39.  Plaintiff has entitled these documents "Motion To Suppress Defendant's Previously Filed Motion To Dismiss."  The Court will construe these filings as responses to Defendants' Motions to Dismiss, Docs. 12, 26, and 30 and therefor each of these filings will be terminated as a pending motion.

[3]  Doc. 1.

[4]  Id.

[5]  Id.

[6]  Id.

[7]  Doc. 12.

United States and Canada.[8]  The IBEW's office is located in the District of Columbia and its president, Edwin D. Hill ("Hill"), is a citizen of the State of Virginia.[9]

In October of 2005, Plaintiff accepted a referral from the International Brotherhood of Electrical Workers No. 1205 ("IBEW #1205"), which is located in Gainesville, Florida.[10]  The IBEW #1205, is also affiliated with the IBEW.[11]  IBEW #1205 is registered to do business in the State of Florida and its business agent, Matthew Meadows, is a citizen of the State of Florida.[12]  Plaintiff was referred by IBEW #1205 to a construction project in Ocala, Florida where he worked for Dale C. Rossman, Inc. ("Rossman").[13]

Rossman is a full service electrical and instrumentation company providing power and control solutions to the industrial marketplace nationwide.[14]  Rossman is a Florida corporation, with its principal place of business in Lakeland, Florida, which is located in Polk County.[15]  Its president, Kenneth D. Brown, ("Brown") is a citizen of the State of Florida and the company's registered agent is Dale C. Rossman.[16]

---

[8]  Doc. 26, Exhibit 3, Affidavit of Edwin D. Hill.

[9]  Id.

[10]  Doc. 1.

[11]  Id.

[12]  Id.

[13]  Id.

[14]  Doc. 30, Exhibit A, Affidavit of Kenneth D. Brown.

[15]  Id.

[16]  Id.

Plaintiff was employed with Rossman until his November 11, 2005 incarceration.[17] At that time, Plaintiff was due two final paychecks, approximately $2400.00, which form the basis for this suit.[18] Plaintiff alleges that Rossman released these two checks to his ex-wife, Tamara J. Larose, aka Tamara J. Youngquist ("Larose") who is an Ohio citizen.[19]

Plaintiff claims that Rossman gave the checks to Larose, who allegedly misappropriated them.[20] Plaintiff alleges that Rossman's conduct was negligent and interfered with Plaintiff's personal and privacy rights.[21] Plaintiff also alleges that IBEW #32 and IBEW #1205, along with its business agents Dickreide and Meadows, have contingent liability for the actions of Rossman.[22] Because Dickreide and Meadows refused to represent him in his dispute with Rossman, Plaintiff claims that they are subject to liability under principles of contributory negligence.[23]

Defendants IBEW #32, Dickreide, Rossman, Brown and Hill were each served with a copy of the summons and Complaint by certified United States mail but were never personally served.[24]

---

[17] Doc. 3.

[18] Doc. 1.

[19] Id.

[20] Id.

[21] Id.

[22] Id.

[23] Id.

[24] Docs. 16, 17, 19, 22 and 23.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b) a party may assert the defenses of lack of subject-matter jurisdiction, lack of personal jurisdiction, and insufficient service of process by motion.[25] Defendants IBEW#32 and Dickreide contend that the Court lacks subject matter jurisdiction over the claims and that the Court lacks personal jurisdiction over each of them. Defendants Hill, Rossman and Brown request dismissal predicated upon a lack of personal jurisdiction.

### A.   *Subject Matter Jurisdiction*

In their motions to dismiss, Defendants IBEW #32 and Dickreide argue that the Court lacks subject matter jurisdiction over the claims because there is an absence of diversity jurisdiction.

In his Complaint, Plaintiff alleges that jurisdiction is based upon diversity of citizenship.[26] Pursuant to 28 U.S.C. §1332 district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different States.[27] Diversity jurisdiction requires that there is complete diversity, which means that no plaintiff can be a citizen of the same state as any of the defendants.

Plaintiff has failed to establish complete diversity because Defendants Local #32 and Dickreide are citizens of Ohio, the same state of citizenship of Plaintiff. Plaintiff affirmatively alleges in paragraph 1 of his Complaint that Dickreide is a citizen of the

---

[25] Fed. R. Civ. P. 12(b)(1); (b)(2); (b)(5).

[26] Doc. 1.

[27] 28 U.S.C. §1332.

State of Ohio and that Local #32 "...is registered with the Ohio secretary of State to conduct business in the State of Ohio, having its principal place of business located in Lima, Ohio."  For purposes of diversity a corporation is a citizen of its state of incorporation as well as the state where it maintains its principal place of business.[28]  Accordingly, because Local #32 maintains its principal place of business in Lima, Ohio it is an Ohio citizen for diversity purposes and therefore there is not complete diversity of citizenship in this case between the Plaintiff (an Ohio citizen) and Dickreide and Local #32, both of whom are also citizens of Ohio.

Defendants Local #32 and Dickreide also claim that the Court does not have federal question jurisdiction based upon the claims in the case. Pursuant to 28 U.S.C. §1331 "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "In general, a case 'arises under' federal law if the plaintiffs plead a cause of action created by federal law...or if a substantial disputed area of federal law is a necessary element of a state-law claim."[29]

When confronted with a facial attack, as here, on subject matter jurisdiction the Court must "look and see if Plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his Complaint are taken as true for the purposes of the motion.[30]  While the primary focus of Plaintiff's complaint is on his purely state law claims for conversion and breach of a common law right of privacy, there are allegations

---

[28] 28 U.S.C. § 1332(c)(1).

[29] Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10, 13 (1983).

[30] Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990), citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511(5th Cir. 1980).

in the Complaint that Dickreide "refused to represent him at that time, or even notify Local #1205, and Dale C. Rossman, Inc. of his dispute."[31] Plaintiff also alleges that "...he has been justifiably aggrieved and adversely affected by the passive action of his representing business agent, Jerry Dickreide."[32]

While these allegations may be insufficient to establish a claim, read broadly these allegations could give rise to a claim for breach of the duty of fair representation, owed by a union to its members. In *Vaca v. Sipes*[33] the Supreme Court held that federal law imposes on unions a duty of fair representation - a duty that is violated when a union's actions are arbitrary, discriminatory or in bad faith.[34] Accordingly, to the extent that Plaintiff's allegations against Local #1205 could in a broad sense establish a claim for breach of the duty of fair representation, it would constitute a claim that "arises under" federal law and thus support subject matter jurisdiction under 28 U.S.C. §1331.

Because the Court is not prepared at his juncture to dismiss the case for lack of subject matter jurisdiction the Court may then proceed to determine whether the Court has personal jurisdiction over Defendants Dickreide, Local #32, Edwin Hill, Dale C. Rossman, Inc. and Kenneth D. Brown. As discussed below, the Court does not have personal jurisdiction over these Defendants and therefore each of them is due to be dismissed.

---

[31] Doc. 1.

[32] Id.

[33] 386 U.S. 171, 190 (1967).

[34] *Id.*

Case 5:07-cv-00447-WTH-GRJ   Document 52   Filed 08/08/08   Page 8 of 17 PageID 637

**B.   *Personal Jurisdiction***

   **1. *Defendants Local #32, Dickreide and Hill***

The Court will first turn to whether there is personal jurisdiction over Defendants Local #32, Dickreide and Hill.  Local #32 and Dickreide argue that Florida's long-arm statute does not provide this Court with jurisdiction and that there are insufficient contacts to satisfy traditional notions of fair play and substantial justice under the Fourteenth Amendment.  Defendant Hill argues that he lacks the minimum contacts with the State of Florida required to establish personal jurisdiction over him. Plaintiff must establish a *prima facie* case of personal jurisdiction over a nonresident defendant.  Plaintiff has the burden to plead sufficient material facts to establish the basis for the exercise of personal jurisdiction.[35]  The Eleventh Circuit has stated,

> First, the plaintiff must allege sufficient facts in his complaint to initially support long arm jurisdiction before the burden shifts to the defendant to make a *prima facie* showing of the inapplicability of the statute.  If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.[36]

Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.[37]

---

[35] Prentice v. Prentice Colour, Inc., 779 F.Supp. 578, 583 (M.D. Fla. 1991).

[36] Id.

[37] See id.

In determining whether personal jurisdiction exists over a nonresident defendant the Court employs a two-part analysis.[38] First, the court must determine if jurisdiction can be obtained over the defendant under Florida's long-arm statute.[39] If so, the court must then decide whether the nonresident defendant has sufficient "minimum contacts" with Florida to satisfy the constitutional requirements under the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice.'"[40] Even if jurisdiction is found under Florida's long-arm statute, a separate review of the facts must be undertaken by the court to determine if the constitutional test is met.[41]

### *Florida's long-arm statute*

Because Florida law dictates the reach of the long-arm statute, the Court must interpret it in the same way that the Florida Supreme Court would.[42] Therefore, this Court must strictly construe the statute,[43] and Plaintiff bears the burden of proving the facts which make the long arm statute applicable to the Defendants.[44] Florida's long-arm statute provides for two types of personal jurisdiction: specific jurisdiction under

---

[38] Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1166 (11th Cir. 2005).

[39] See id.

[40] Id.

[41] See Cable/Home Communication v. Network Prod., 902 F.2d 829, 856 (11th Cir. 1990) (quoting Venetian Salami Co. v. Parthenais, 554 So.2d 499, 500 (Fla. 1989).

[42] Horizon Aggressive Growth, 421 F.3d at 1167.

[43] Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

[44] Restorative Prods., Inc. v. Mmar Med. Group, Inc., No. 94-1920 CIV-T-17A, 1995 U.S. Dist. LEXIS 18695, at *5 (M.D. Fla. Oct. 18, 1995); Bloom v. A. H. Pond Co., Inc., 519 F. Supp. 1162, 1168 (S.D. Fla. 1981).

§48.193(1), where a party's contacts with the forum relate to the cause of action and general jurisdiction under §48.193(2), where a party's contacts are unrelated to the litigation, but nonetheless are "continuous and systematic."

In his Complaint, Plaintiff has failed to plead sufficient material facts to support long arm jurisdiction over Local #32 and Dickreide. Plaintiff states that Local #32 is an Ohio business and that Dickreide is an Ohio citizen.[45] There are no allegations or facts offered by Plaintiff that Local #32 or Dickreide conducted business in the State of Florida or that they were involved in the alleged tortious conduct, concerning the alleged conversion of the payroll checks.

The Eleventh Circuit has recognized that "for personal jurisdiction to attach under the 'tortious activity' provision of the Florida long-arm statute, the plaintiff must demonstrate that the non-resident defendant 'committed a substantial aspect of the alleged tort in Florida' by establishing that the activities in Florida 'w[ere] essential to the success of the tort.'"[46] No where on the face of the Complaint or in any accompanying affidavit or exhibit, does Plaintiff demonstrate that Local #32 or Dickreide committed any act of the alleged tort in Florida, let alone a substantial aspect of the tort in Florida. Thus, the conduct alleged against Local #32 and Dickreide fails to fall within the reach of Florida's long-arm statute.

The same reasoning applies to Defendant Hill. In his Complaint, Plaintiff's sole allegation against Defendant Hill is the following statement:

---

[45] Doc. 1.

[46] Cable/Home Communication Corp. v. Network Productions, 902 F.2d 829, 857 (11th Cir. 1990)(quoting Williams Electric Co. v. Honeywell, Inc., 854 F.2d 389, 394 (11th Cir. 1988).

> Edwin D. Hill is international president, primary officer, and representative of the International Brotherhood of Electrical Workers, which by virtue of underwritten rights possesses contingent liability to the individual contractors they represent, as well as the individual working members in good standing.[47]

The Complaint is devoid of any allegation that Hill conducts business, has committed a tort or breached a contract, or owns property in this state which relates to this cause of action,[48] or has caused injury to persons arising out of an act or omission relating to service activities or products consumed in this state.[49]

Further, Plaintiff's complaint fails to provide a basis for general jurisdiction under Florida Statutes §48.193(2), which provides in relevant part that "[a] defendant who is engaged in substantial and not isolated activity within this state...is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."[50] "The defendant's activities must be 'considered collectively' and show a general course of business activity in the state for pecuniary benefit."[51]

There are no allegations in the Complaint that Local #32, Dickreide or Hill engaged in a general course of business activity in the state for pecuniary benefit. Indeed, Plaintiff does not even allege that Defendants engaged in any activity, much

---

[47] Doc. 1, ¶4.

[48] Hill owns a vacation home in Florida but spends no more than one month a year here. Doc. 26 Exhibit 3. By itself, ownership of property is insufficient to subject a nonresident defendant to the jurisdiction of the courts of this state, unless the cause of action arose out of such ownership. Nichols v. Palucci, 652 So.2d 389, 392 n.5 (Fla. Dist. Ct. App. 1995).

[49] Fla. Stat. ch. 48.193(1)(a), (b), (c), (d), (f) and (g) (2007).

[50] Fla. Stat. ch. 48.193(2) (2007).

[51] Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1361 (11th Cir. 2006).

less substantial activity, for personal pecuniary gain.  Moreover, Hill avers in his affidavit in support of his motion that the local unions are autonomously run without involvement by him in the day to day operations.[52]   According to Hill, he does not serve as the collective bargaining representative of Local #32, Local #1205, or of Plaintiff.[53]  Finally, Hill avers that he was not a party to any collective bargaining agreement between Rossman and Plaintiff.[54]

Accordingly, for these reasons, Plaintiff has failed to allege any facts which would establish personal jurisdiction upon these Defendants under any provision of Florida's long-arm statute.

### *Minimum contacts*

In addition to Plaintiff's failure to establish that Defendants Local #32, Dickreide and Hill fall within Florida's long-arm statute, the Plaintiff has failed to establish that these nonresident Defendants have sufficient "minimum contacts" with Florida to satisfy the constitutional requirements under the Due Process Clause of the Fourteenth Amendment.

The Eleventh Circuit utilizes a three-part test to determine whether there are sufficient minimum contacts:

> [f]irst, the contacts must be related to the plaintiff's cause of action . . . Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the

---

[52] Doc. 26, Exhibit 3.

[53] Id.

[54] Id.

forum . . . Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.[55]

The first part of the test - i.e. that the contacts are related to the cause of action - has not been satisfied in this case for the reasons explained above. There are simply no facts alleged by Plaintiff in this case that Local #32, Dickreide or Hill took any action in the State of Florida relating to the conversion of the payroll checks. Nor is there any suggestion that Local #32, Dickreide or Hill purposefully availed themselves of the privilege of conducting activities within Florida. As such they should not reasonably anticipate being haled into court here.[56]

Moreover, the Court's exercise of personal jurisdiction over Local #32, Dickreide and Hill would not comport with traditional notions of fair play and substantial justice. The Court must consider: (1) the burden on the Defendants of defending the suit in Florida; (2) Florida's interest in adjudicating the suit; (3) Plaintiffs' interest in obtaining effective relief; (4) the interests of the interstate judicial system in using resources efficiently; and (5) the interests of the states in furthering shared substantive policies.[57]

The burden on Local #32, Dickreide and Hill to litigate in this forum is not slight, and they would be compelled to litigate in a state where they have no contacts and do not engage in any economic activity. Second, the State of Florida does not have an interest in litigating a suit by a non-citizen against non-citizen defendants. Under these

---

[55] Posner v. Essex Ins. Co., 178 F.3d 1209, 1220 (11th Cir. 1999) (quoting Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1546 (11th Cir. 1993).

[56] See Madara v. Hall, 916 F.2d 1510, 1516 (11th Cir. 1990.)

[57] See Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1221(11th Cir. 1999).

circumstances, exercising jurisdiction over Local #32, Dickreide and Hill would offend traditional notions of fair play and substantial justice.

Lastly, Plaintiff's claim against Hill arises solely out of his status as President and Chief Executive Officer of the IBEW and not his activities outside of his corporate capacity. As such, under the corporate shield doctrine Hill's actions taken in his official capacity cannot form the basis for personal jurisdiction against him individually. Under the corporate shield doctrine an officer cannot be individually liable for acts performed for the benefit of his employer and not for the officer's own benefit.[58]

Accordingly, for all of these reasons, Defendants Local #32 and Dickreide's Motion To Dismiss For Lack of Personal Jurisdiction (Doc. 12) and Defendant Edwin D. Hill's Motion To Dismiss for Lack of Personal Jurisdiction (Doc. 26) are due to be **GRANTED.**

### *2. Defendants Rossman and Brown*

Defendants Rossman and Brown have moved to dismiss the action for lack of personal jurisdiction based upon insufficiency of service of process,[59] or in the alternative, have moved to quash service of process on each of them. In support of this motion, Defendants rely upon the affidavit of Defendant Brown as well as exhibits filed with the Court.

In his affidavit, Brown represents that on December 13, 2007, Defendants Rossman and Brown received the summons and Complaint via certified United States

---

[58] Doe v. Thompson, 620 So. 2d 1004, 1006 (Fla. 1993).

[59] Defendants Rossman and Brown are the only parties that have requested this Court to dismiss this action based upon insufficiency of service of process.

mail.[60]  Brown was not personally served with the summons and Complaint by a certified process server, Sheriff or United States Marshal.[61]  Additionally, neither Dale C. Rossman, the registered agent for Rossman, nor any other officer or authorized agent of Rossman, were served with the summons and complaint by a certified process server or anyone else.[62]  The summons and Complaint were not personally delivered to Brown or left at his place of residence in Polk County.[63]  Finally, Brown advises that he has not waived service or process, nor has he ever been asked to do so by Plaintiff.[64]

Plaintiff's "Returns of Service" as to Defendants Brown and Rossman,[65] reflect that the only method of service of process was by certified mail.[66]  Pursuant to Rule 4 of the Federal Rules of Civil Procedure, proper service upon an individual within the United States from whom a waiver has not been obtained and filed, may be obtained in one of two ways: (1) pursuant to the laws of the state in which the district court is located, or (2) by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by delivering a copy of each to an agent...to receive service of process."[67]

---

[60]  Doc. 31.

[61]  Doc. 30, Exhibit A.

[62]  Id.

[63]  Id.

[64]  Id.

[65]  Docs. 16 and 17.

[66]  Id.

[67]  Fed. R. Civ. P. 4(e)(1) and (2).

In the absence of a waiver of service of process by Defendant Brown, under either method, Plaintiff was required to serve Defendant Brown by personally delivering the summons and complaint to him by an authorized individual. There is no provision under Rule 4 for service of process on an individual by mail, certified or otherwise. Because the sole method of service on Brown was by certified United States mail, service of process was insufficient.

Like Brown, Rossman has not waived service of process.[68] Because Rossman has not waived service of process, and is a corporation, Plaintiff was required to effect service of process under Rule 4(h)(1). This rule provides that service of process upon a corporation within the United States, must be effected in one of two ways: (1) pursuant to the laws of the state in which the district court is located or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant.[69]

Plaintiff failed to properly effect service of process on Rossman because - like Brown - service was made by sending a copy via certified mail rather than having an authorized process server effect service.  Accordingly, because the only method of service on Rossman was by certified mail, Plaintiff has failed to comply with the required procedures for service of process under Rule 4. Therefore, due to the insufficiency of the service of process on these Defendants the Court lacks personal jurisdiction over

---

[68] Doc. 30, Exhibit A.

[69] Fed. R. Civ. P. 4(h)(1)(a) and (b).

the Defendants and lacks the power to render judgment over these Defendants in this action.[70]

Accordingly, for these reasons, Defendants Rossman and Brown's Motion To Dismiss is due to be **GRANTED** and Plaintiff's Complaint as to these Defendants is due to be dismissed.

### III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendant International Brotherhood of Electrical Workers Local Union No. 32 And Jerry Dickreide's Motion To Dismiss (Doc. 12); Defendant Edwin D. Hill's Motion to Dismiss For Lack of Personal Jurisdiction (Doc. 26); and Defendant Dale C. Rossman, Inc. & Defendant Kenneth D. Brown's Motion To Dismiss The Complaint, Or Alternatively, Quash Service Of Process (Doc. 30) should be **GRANTED.**

**IN CHAMBERS** in Ocala, Florida, on August 7, 2008.

GARY R. JONES
United States Magistrate Judge

Copies to:

    The Honorable Wm. Terrell Hodges
    Senior United States District Judge

    All Counsel
    *Pro Se* Plaintiff

---

[70] Kelly v. Florida, 233 Fed. Appx. 883, 884 (11th Cir. 2007).